**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| **RECKO ELLIS,** | |
| **Plaintiff,** | |
| VS. | CIVIL ACTION FILE NO. 7:07-CV-900(HL) |
| **TRINA VICKERS and Officer, BERRY,** | |
| **Defendants.** | |

**RECOMMENDATION**

Plaintiff, a recreational filer,[1] has pending a motion for a restraining order against Defendant Vickers (R. at 15). Plaintiff is seeking an order requiring this Defendant to cease threatening and harassing him and members of his "family."[2]

First, it must be noted that the Court may not properly address this motion for want of an appropriate certificate of service as required by Federal Rule of Civil Procedure 5. While Haines v. Kerner, 404 U.S. 519 (1972) and its progeny may require the courts to be somewhat liberal in interpreting the pleadings filed by *pro se* litigants, the Federal Rules of Civil Procedure nonetheless apply to them and must be followed. McNeil v. U. S., 508 U.S. 106, 113 S.Ct 1980 (1980), Wayne v. Jarvis, 197 F.3d 1098 (1999), Moon v. Newsome, 863 F.2d 835 (11th Cir.

---

[1]Per PACER, Plaintiff has filed a total of twenty-nine cases in this Court and the Middle District of Florida since December 28, 2006.

[2]In this motion Plaintiff refers to his wife and children being placed in danger by the actions of this defendant. However, in the release he signed upon settlement of case number 7:07-CV-3, which was pending in this court this Plaintiff warranted that he was a single adult male. The settlement agreement was signed on May 16, 2007, and the instant motion was filed on August 28, 2007. Quite frankly this inconsistency does nothing to enhance this Plaintiff's already questionable credibility.

1989).  Inasmuch as the certificate attached to Plaintiff's motion fails to show service upon the Defendants it would be inappropriate for the court to consider the motion.[3]

However, were the court to overlook the inadequacy of the certificate of service and address this motion on the merits, the following is noted.  In order to obtain injunctive relief, the plaintiff must prove that: (1) there is a substantial likelihood that he will prevail on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest.  Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985); Snook v. Trust Co. of Georgia Bank of Savannah, N.A., 909 F.2d 480, 483 (11th Cir. 1990).  Injunctive relief will not issue unless the conduct at issue is imminent and no other relief or compensation is available.  Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987).

A review of the plaintiff's motions reveals no basis for the issuance of injunctive relief.  The plaintiff has not established that he will suffer irreparable injury in the absence of injunctive relief or that no other relief is available to address his alleged injuries.  In fact plaintiff has failed to establish any of the above listed pre-requisites which would justify the issuance of an injunction.  Inasmuch as the Plaintiff is evidently being detained in the State of Florida it is difficult for the undersigned to comprehend how this Defendant presents a danger to him.

It is the **RECOMMENDATION** of the undersigned that Plaintiff's motion for injunctive relief be **DENIED.**  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to

---

[3]Although the Defendant Vickers has filed a response to Plaintiff's motion, it is most likely that defense counsel learned of its existence by querying the Courts electronic docket.

this recommendation with the Honorable Hugh Lawson, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED,** this 16th day of November 2007.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE