**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **RECKO ELLIS,** : | |
| : | |
| **Plaintiff,** : | |
| : | **CIVIL ACTION FILE** |
| **VS.** : | **NO. 7:07-CV-90 (HL)** |
| : | |
| **TRINA VICKERS, and OFFICER BERRY,** : | |
| : | |
| **Defendants.** : | |

**RECOMMENDATIONS ON MOTIONS TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT FILED BY THE DEFENDANTS (DOCS. 41, 49), ON MOTION FOR SUMMARY JUDGMENT FILED BY PLAINTIFF (DOC. 38), AND ORDERS PERTAINING TO DOCS. 33, 37, & 39**

This *pro se* incarcerated plaintiff's litigation history since December 26, 2006, represents a classic example of misuse of the court system. A review of the PACER database reveals that since the above date this plaintiff has filed a total of twenty-nine civil actions, all while incarcerated. Eighteen of these actions have been filed in this court and the remaining eleven in the Middle District of Florida. To date, twenty-one of those civil actions have been dismissed or closed with only eight remaining open in this court. Were the plaintiff a member of a state bar organization his conduct in filing completely frivolous actions, many containing blatantly untrue statements, such as in the instant case, would no doubt lead to the imposition of serious sanctions by the court(s).

Plaintiff alleges in his complaint that during October 2006 (it had to be 2006, rather than 2007, as set out in his court ordered supplement to his complaint as his initial complaint was filed on or about July 16, 2007), he was falsely accused of and detained for shoplifting as the Wal-Mart Super Center Store in Valdosta, GA. by the defendant Vickers, whom he identified as

a security officer. He further alleges that Vickers was assisted in her endeavors by defendant Berry of the Valdosta, Georgia Police Department. Plaintiff goes on to state that he was held in a small room in the upstairs portion of the store for a number of hours, physically abused by both defendants, strip searched, made fun of and touched in a sexually inappropriate manner (R. at 2 & 5).

Both defendants have filed motions to dismiss,[1] which the court elected to treat alternatively as motions for summary judgment as both relied upon matters outside the pleadings. Plaintiff was given written notice by the court of the filing of each motion, advised of his right to file a response in opposition to the motions and further advised of the possible outcome as to each motion in the event he failed to respond. Plaintiff has failed to respond in opposition to the granting of either motion. In this connection it is noted that very recently plaintiff's mail from the court began to be returned from his last known address. It does not appear, however, that the court's notices to the plaintiff regarding the filing of these potentially dispositive motions were returned.

*Summary Judgment Standard*

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235 (11th Cir. 1992)(citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof

---

[1] Inasmuch as the City of Valdosta does not have, nor has it had a police officer with the last name of Berry in its employ, the City of Valdosta filed the motion to dismiss on behalf of the nonexistent Officer Berry.

2

at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-608 (11th Cir. 1991).

*Motion filed on behalf of Officer Berry*

Of tremendous significance in addressing this motion is the sworn affidavit of Frank Simons (R. at 42-2, Ex. A), the Chief of Police for the City of Valdosta, GA since 1996 ( ¶ 3). Chief Simons checked the employment records for the Valdosta Police Department back to January 1, 2003, and determined that no employee having the last name of Berry, Barry or Bellflower was employed there as a police officer during the time pertinent to plaintiff's complaint ( ¶ 5). It thus appears obvious that, at the very least, plaintiff has named the wrong individual as a defendant in this matter.

Also of significant relevance is a release executed by plaintiff upon settlement of yet another civil action in which defendant "Officer Berry" was a named defendant (R. at 42-2, Ex. B). That release makes specific reference to case number 7:07-CV-3(HL) which remains pending in this court for some unexplained reason.[2] "Officer Berry" is one of the releasees in this document. A comparison of the dates of the respective arrests in that case and the instant case makes very clear the fact that both lawsuits arise out of the same arrest. It is clear that the

---

[2]See paragraph 5 of said release. It is possible that plaintiff was/is incapable of preparing documentation necessary to effectuate a dismissal with prejudice in case number 7:07-CV-3(HL). In view of the language contained in the release the undersigned will submit a recommendation of dismissal with prejudice for the court's consideration within a few days.

3

release was addressed primarily to events allegedly occurring in the Lowndes County Jail subsequent to plaintiff's arrest.  However, a reading of the release in its entirety leads to the conclusion that it is broad enough to release the imaginary defendant "Officer Berry" from the instant action was well.  Paragraph 3 of the release is titled "Release and Covenant Not to Sue." Contained within this paragraph is language in which plaintiff releases all of the named releasees, their heirs, successors, and  assigns from, "(3) any other matter or claim incurring or existing at any time from the beginning of time through the date of the execution of this agreement."  The release was executed by plaintiff on May 16, 2007.  The date of the arrest giving rise to this lawsuit is October 15, 2006.  The instant complaint was filed on July 16, 2007, sixty days after the plaintiff released the non-existent or imaginary defendant "Officer Berry" from any and all claims.

The contents of the affidavit of Police Chief Frank Simons and the language contained in the release are unrefuted.  Consequently, the motion to dismiss or motion for summary judgment filed on behalf of defendant "Officer Berry" should be granted with prejudice for the above reasons.  It is so **RECOMMENDED.**

*Motion filed on behalf of Trina Vickers*

Before considering the evidence offered by this defendant in support of her motion to dismiss or in the alternative for summary judgment inasmuch as matters outside the pleadings were relied upon, it should again be noted that, although given notice of the filing of the motion and of his right to respond in opposition to the motion, the plaintiff has offered nothing in response.  Thus the sworn affidavit testimony of defendant Vickers and Valdosta Police Officer Chavarria is unrefuted.

The affidavit of defendant Vickers is attached to an earlier filed Motion to Strike in this case and may be viewed at Exhibit C to electronic document number 33-2. In her affidavit this defendant testifies that in October of 2006, she was employed at Wal-Mart Store No. 2615, 3274 Inner Perimeter Road, Valdosta, GA., only as an assistant manager; she did not wear a uniform and has never been employed in law enforcement or security. (¶ 2). She has never met the plaintiff to the best of her knowledge and does not know what he looks like. Further she has no knowledge of his phone number or his alleged family residence. (¶ 3). This defendant has never stopped or detained anyone inside Wal-Mart Store 2516 for any reason, nor has she ever been present for any "strip search" at the Wal-Mart Store or the Lowndes County Jail. She has never participated in removing anyone physically from the inside of Wal-Mart Store No. 2516. (¶ 4). She also knows of her own personal knowledge that there is no upstairs office at Wal-Mart Store No. 2615 as that building has only one level. (¶ 5).

The unrefuted testimony of Valdosta Police Sergeant Tomas Chavarria appears in his affidavit and may be read at electronic document 49-2, also designated as Exhibit A. While on patrol with another police officer on October 15, 2006, they arrested the plaintiff in the 800 block of Cypress Street in Valdosta, miles away from the Wal-Mart Store on Inner Perimeter Road in Valdosta. (¶ 3). Plaintiff's arrest was prompted by an outstanding warrant for his arrest and not by allegations of shoplifting at Wal-Mart. (¶ 4). The affiant is certain that defendant Vickers did not participate in the October 15, 2006 arrest of plaintiff. He is also certain that he had no conversation with defendant Vickers regarding plaintiff on October 15, 2006. (¶ 5).

The unrefuted evidence produced by the defendants in support of their motions clearly shows that defendant "Officer Berry" does not exist as an officer of the Valdosta Police

5

Department and did not arrest plaintiff at the Inner Perimeter Road Wal-Mart Store on October 15, 2006, although plaintiff was arrested on that date miles away from the Wal-Mart Store by Officers Chavarria and Pippin on an outstanding arrest warrant. The defendant Vickers had absolutely nothing to do with the arrest of the plaintiff whom she does not know.

It is the finding of the undersigned that the above evidence requires that defendant Vickers' motion to dismiss or in the alternative motion for summary judgment be granted. It is so **RECOMMENDED.**

Quite frankly, when the unsubstantiated allegations of plaintiff are compared with the unrefuted evidence produced by defendants one is forced to wonder if the plaintiff was just in search of defendants with a deep pockets. His history of having filed twenty-nine § 1983 actions within the past approximately eighteen months, most of which have been dismissed for one reason or another also lends itself to this speculation.

Should the United States District Judge adopt this recommendation as to both defendants, there are three additional motions pending which will be rendered moot. In the event this recommendation is not adopted as to both defendants, the undersigned will then address these motions on the merits.

Defendant Vickers filed a motion to strike certain documents filed by plaintiff (R. at 33). This motion is **DENIED** as **MOOT.**

Plaintiff has filed a "Motion to Dismiss Documents" (R. at 37) and a "Motion for the Court to Consider and Order that this Case be Judged upon, According to the Federal Procedures" (R. at 39). In view of the recommendations heretofore entered on the dispositive motions of the defendants, these motions are likewise **DENIED** as **MOOT.**

Finally, the plaintiff has also filed a motion for summary judgment (R. at 38). This motion is approximately two and a half pages in length. The plaintiff has included only his unsworn allegations against defendant Vickers. Defendant "Officer Berry" is not named in the caption and it does not appear that any attempt has been made to serve "Officer Berry" or counsel for the City of Valdosta with a copy of plaintiff's motion. "Officer Berry" appears one time in plaintiff's motion, three lines up from the bottom of the first page. It is also apparent that plaintiff has found some inapplicable qualified immunity principles which he has quoted. Again, he has presented absolutely no evidence in support of his motion.

The unrefuted evidence set out above from the sworn testimony of the defendants and police chief Simons and Sergeant Chivarria clearly demonstrate the existence of genuine material factual issues to the extent that plaintiff's motion must be **DENIED**, especially in light of the fact that plaintiff has presented no evidence to support the motion. It is so **RECOMMENDED.** Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to these recommendations with the Honorable Hugh Lawson, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED,** this 5th day of June 2008.

        */s/ Richard L. Hodge*
        RICHARD L. HODGE
        UNITED STATES MAGISTRATE JUDGE